# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 3 0 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**NATIONAL PAYMENT PROCESSING LLC,** a Georgia limited liability company,

**NATIONAL CLIENT SERVICES LLC,** also d/b/a **AFS LEGAL SERVICES, AFS SERVICES, ACCOUNT FINANCIAL SERVICES,** and **ACCOUNT FINANCIAL SOLUTIONS,** a Georgia limited liability company,

**OMAR SMITH,** individually and as managing member and officer of **NATIONAL PAYMENT PROCESSING LLC,** and

**ERNEST SMITH,** individually and as manager and owner of **NATIONAL CLIENT SERVICES LLC,**

Defendants.

Case No.

**1:15-CV-3811**

## COMPLAINT FOR PERMANENT INJUNCTION
## AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.     The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, an asset freeze, immediate access to Defendants' business premises, appointment of a receiver, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FDCPA, 15 U.S.C. §§ 1692-1692p, in connection with abusive and deceptive debt collection practices.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692*l*.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2) and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.     The FTC is an independent agency of the United States Government created

by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits deceptive, abusive, and unfair debt collection practices.

5.     The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the FDCPA, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A), and 1692*l*(a). Section 814 of the FDCPA further authorizes the FTC to use all of the functions and powers under the FTC Act to enforce compliance by any person with the FDCPA. 15 U.S.C. § 1692*l*.

## DEFENDANTS

6.     Defendant National Payment Processing LLC ("NPP"), is a Georgia limited liability company with its principal place of business at 3482 Lawrenceville Highway, Tucker, Georgia 30084. NPP transacts or has transacted business in this district and throughout the United States.

7.     Defendant National Client Services LLC ("NCS"), is a Georgia limited

3

liability company with its principal place of business at 1005 Virginia Avenue, Suite 310, Hapeville, Georgia 30354. NCS transacts or has transacted business in this district and throughout the United States.

8.      Defendant Omar Smith is a signatory on bank accounts for NCS and NPP. He is the owner, manager, CEO, CFO, and organizer of NPP. He is the attorney-in-fact for NCS and signs employee paychecks on behalf of NCS. At all times material to this Complaint, acting alone or in concert with others, Defendant Omar Smith has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of NPP and NCS, including the acts and practices set forth in this Complaint. Defendant Omar Smith resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

9.      Defendant Ernest Smith is the owner, manager, and organizer of NCS. He has signatory authority for bank accounts of NCS. He has signed employee paychecks for NCS. At all times material to this Complaint, acting alone or in concert with others, Defendant Ernest Smith has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of NCS, including the acts and practices set forth in this Complaint. Defendant Ernest Smith resides in this district and, in connection with the matters alleged herein,

4

transacts or has transacted business in this district and throughout the United States.

10.     Defendants NCS and NPP (collectively "Corporate Defendants") have operated as a common enterprise while engaging in the unfair and deceptive acts and practices described below. The Corporate Defendants have conducted the business practices described below through interrelated companies that have common control, business functions, employees and office locations and that have commingled funds. Because Corporate Defendants have operated as a common enterprise, they are jointly and severally liable for the acts and practices alleged below. Defendants Omar Smith and Ernest Smith have formulated, directed, controlled or had the authority to control, or participated in the act and practices of the Corporate Defendants that constitute the common enterprise. The common enterprise has transacted business in this district, and a substantial part of the events or omissions giving rise to the claims asserted herein have occurred in this district.

## COMMERCE

11.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5

## DEFENDANTS' UNLAWFUL BUSINESS PRACTICES

12.     Since at least as early as 2012, Defendants have operated a nationwide debt collection scheme to deceive consumers into paying purported debts through the use of threats of arrest, jail and other legal action.

13.     In numerous instances, Defendants have telephoned consumers and demanded payment of a payday loan or other debt allegedly owed.

14.     In numerous instances, Defendants have continued their collections efforts even after consumers have challenged the legitimacy or accuracy of the purported debt, without investigating and verifying whether the consumer in fact owes the debt or the amount claimed.

15.     Defendants often have possessed or claimed to possess the consumers' private information such as Social Security numbers, financial account numbers, or the names and contact information of relatives, leading consumers to believe that the calls are legitimate collection efforts and that consumers must pay the purportedly delinquent debts.

16.     In numerous instances, Defendants have impersonated or falsely claimed to be investigators or affiliated with law enforcement authorities, for example, federal and state agents and investigators.

6

17.    In numerous instances, Defendants have threatened consumers with arrest,

imprisonment or seizure, garnishment, attachment or sale of consumers'property or

wages if consumers do not immediately pay the purported delinquent debt.

Contrary to their representations, Defendants cannot or have not intended to have

consumers arrested or imprisoned or to have their property or wages seized,

garnished, or attached, or to have their property sold for nonpayment of a private

debt.

18.    In numerous instances, Defendants have claimed that consumers have

committed crimes, such as fraud or check fraud, by failing to repay payday loans

or other debts that the consumers allegedly owe. Contrary to Defendants'

representations, the consumers have not committed fraud or another criminal act

related to the debts that could give rise to criminal sanctions.

19.    In numerous instances, Defendants have threatened consumers that legal

action is being taken or will be taken for the consumers' failure to pay the alleged

debt. Contrary to their representations, Defendants cannot lawfully bring legal

actions or do not intend to bring legal actions against the consumers for non-

payment of the alleged debt. In fact, Defendants do not bring the threatened legal

actions against consumers.

7

20.     In numerous instances, Defendants have disclosed consumers' alleged

debts to third parties, such as family members, employers, and co-workers.

21.     In numerous instances, in their initial communications with consumers,

Defendants have not informed consumers that they are debt collectors who are

attempting to collect a debt from consumers and that any information obtained

from consumers will be used for that purpose.

22.     In numerous instances, Defendants have used profane language when they

call consumers.

23.     In numerous instances, Defendants have contacted consumers repeatedly on

their home, cell and work numbers, as a means of intimidating and harassing

consumers to convince them to pay the allege debt. For example, Defendants have

(i) called consumers multiple times per day or excessively over an extended period

of time and (ii) called consumers' places of employment, even though consumers

have told Defendants that such calls are inconvenient or prohibited by consumers'

employers.

24.     In numerous instances, Defendants have failed to provide consumers, within

five days after the initial communication with consumers, a written notice

containing: (1) the amount of the debt; (2) the name of the creditor to whom the

debt is owed; (3) a statement that unless the consumer disputes the debt, the debt

will be assumed valid; and (4) a statement that if the consumer disputes the debt in writing, Defendants will obtain verification of the debt.

25.     Many consumers have paid the alleged debt that Defendants purported to be collecting because they were afraid of the repercussions threatened by Defendants if they failed to pay, they believed that Defendants were legitimately collecting debt, or they wanted to stop Defendants' harassing collection calls.

26.     Through their abusive and deceptive collection practices, Defendants have caused over $4 million in consumer injury.

## VIOLATIONS OF THE FTC ACT

27.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

28.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I
### False Or Unsubstantiated Claims That Consumers Owe Debts

29.     In numerous instances, in connection with the collection of alleged debts, Defendants have represented, directly or indirectly, expressly or by implication, that the consumer owes a debt;

30.     In truth and in fact, in numerous instances in which Defendants have made

the representations set forth in Paragraph 29 of this Complaint, these

representations have been false or Defendants have not had a reasonable basis for

the representations at the time they were made, including where consumers have

already challenged or attempted to challenge the validity or accuracy of the

purported debt and Defendants have failed to consider the consumers' challenges

or verify the validity or accuracy of the purported debt, prior to continuing to

collect.

31. Therefore, Defendants' representations as set forth in Paragraph 29 of this

Complaint are false or misleading and constitute deceptive acts and practices in

violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II
## Misrepresentations Of Arrest And Other Legal Action

32.     In numerous instances, in connection with the collection of alleged debts,

Defendants have represented, directly or indirectly, expressly or by implication

that:

- a. Defendants are investigators or are affiliated with governmental entities,
  including law enforcement agencies;

- b. the consumer has committed check fraud or another type of fraud or
  another criminal act;

10

    c.  the consumer will be arrested, imprisoned or face seizure, garnishment, attachment or sale of their property or wages for nonpayment of the alleged debt; and

    d.  Defendants are bringing or intend to bring a lawsuit or other legal action against the consumers for nonpayment of the alleged debt.

33.    In truth and in fact, in numerous instances in which Defendants have made the representations as set forth in Paragraph 32 of this Complaint:

    a.  Defendants are not investigators or affiliated with government entities, including law enforcement agencies;

    b.  the consumer has not committed check fraud or another type of fraud or another criminal act;

    c.  the consumer will not be arrested, imprisoned or have his or her wages garnished for failing to pay Defendants; and

    d.  Defendants are not bringing or do not intend to bring legal action against the consumer unless the consumer pays Defendants for the alleged debt.

34.    Therefore, Defendants' representations as set forth in Paragraph 32 of this Complaint are false or misleading and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA

35.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which

became effective on March 20, 1978, and has been in force since that date.  Section

814 of the FDCPA, 15 U.S.C. § 1692*l*, provides that a violation of the FDCPA

shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

36.     Defendants are "debt collectors" as defined by Section 803(6) of the

FDCPA, 15 U.S.C. § 1692a(6).

37.     A "consumer," as defined in Section 803(3) of the FDCPA, 15 U.S.C. §

1692a(3), "means any natural person obligated or allegedly obligated to pay any

debt."

38.     A "debt," as defined in Section 803(5) of the FDCPA, 15 U.S.C. §

1692a(5), "means any obligation or alleged obligation of a consumer to pay money

arising out of a transaction in which the money, property, insurance or services

which are the subject of the transaction are primarily for personal, family, or

household purposes, whether or not such obligation has been reduced to

judgment."

## COUNT III
### Calling Consumers At Inconvenient Times Or Places

39.     In numerous instances, in connection with the collection of debts, without

having obtained directly the prior consent of the consumer or the express

12

permission of a court of competent jurisdiction, Defendants have communicated

with consumers at times or places known, or which should be known, to be

inconvenient to consumers or at consumers' places of employment when

Defendants knew, or had reason to know, that consumers' employers prohibit

consumers from receiving such communications, in violation of Section 805(a) of

the FDCPA, 15 U.S.C. § 1692c(a).

## COUNT IV
### Unlawful Communications With Third Parties

40.     In numerous instances, in connection with the collection of debts,

Defendants have communicated with third parties for purposes other than

acquiring location information about a consumer, without having obtained directly

the prior consent of the consumer or the express permission of a court of

competent jurisdiction, and when not reasonably necessary to effectuate a post-

judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C.

§ 1692c(b).

## COUNT V
### Harassing and Abusive Collection Practices

41.     In numerous instances, in connection with the collection of debts,

Defendants have engaged in conduct the natural consequence of which has been to

harass, oppress, or abuse the consumer, in violation of Section 806 of the FDCPA,

15 U.S.C. § 1692d, including, but not limited to, using profane language in violation of 806(2) of the FDCPA, 15 U.S.C. § 1692d(2), and causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

## COUNT VI
### False, Deceptive Or Misleading Representations To Consumers

42.    In numerous instances, in connection with the collection of debts, Defendants have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

(a)    Falsely representing the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

(b)    Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or the seizure, garnishment or attachment of any consumer's wages when Defendants cannot do this lawfully or do not intend to take such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

14

(c)     Threatening to take an action that is not lawful or that Defendants do
not intend to take such as bringing a lawsuit for the consumer's non-
payment of the alleged debt, in violation of Section 807(5) of the FDCPA,
15 U.S.C. § 1692e(5);

(d)     Falsely representing or implying the consumer has committed a crime
or other conduct in order to disgrace the consumer, in violation of Section
807(7) of the FDCPA, 15 U.S.C. § 1692e(7);

(e)     Using false representations or deceptive means such as claiming to be
an investigator or affiliated with a government entity, to collect or attempt to
collect a debt or to obtain information concerning a consumer, in violation of
Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10); and

(f)     Failing to disclose in the initial oral communication with consumers
that Defendants are debt collectors attempting to collect a debt and that any
information obtained by Defendants from consumers will be used for the
purpose of attempting to collect a debt, and failing to disclose in subsequent
communications that the communication is from a debt collector, in
violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11).

## COUNT VII
### Failing to Provide Statutorily-Required Notice to Consumer

43.     In numerous instances, in connection with the collection of debts,

15

Defendants have failed to provide consumers, either in the initial communication
with a consumer or in a written notice sent within five days after the initial
communication, with statutorily required information about the debt and the right
to dispute the debt, in violation of Section 809(a) of the FDCPA, 15 U.S.C. §
1692g(a).

## CONSUMER INJURY

44.    Consumers have suffered and will continue to suffer substantial injury as a
result of Defendants' violations of the FTC Act and the FDCPA.  In addition,
Defendants have been unjustly enriched as a result of their unlawful acts or
practices.  Absent injunctive relief by this Court, Defendants are likely to continue
to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

45.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the
FDCPA, 15 U.S.C. § 1692*l*(a), empower this Court to grant injunctive and such
other relief as the Court may deem appropriate to halt and redress violations of any
provision of law enforced by the FTC. The Court, in the exercise of its equitable
jurisdiction, may award ancillary relief, including rescission or reformation of
contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten

16

monies, to prevent and remedy any violation of any provision of law enforced by
the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15
U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and the
Court's own equitable powers, requests that the Court:

A.      Award Plaintiff such preliminary injunctive and ancillary relief as
may be necessary to avert the likelihood of consumer injury during the pendency
of this action and to preserve the possibility of effective final relief, including but
not limited to, temporary and preliminary injunctions, an order freezing assets,
immediate access, and the appointment of a receiver;

B.      Enter a permanent injunction to prevent future violations of the FTC
Act and the FDCPA by Defendants;

C.      Award such relief as the Court finds necessary to redress injury to
consumers resulting from Defendants' violations of the FTC Act and the FDCPA,
including but not limited to, rescission or reformation of contracts, restitution, the
refund of monies paid, and the disgorgement of ill-gotten monies; and

D.      Award Plaintiff the costs of bringing this action, as well as such other
and additional relief as the Court may determine to be just and proper.

17

Dated: October 30, 2015

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

*Robin L. Rock*

ROBIN L. ROCK
Ga. Bar No. 629532
HANS C. CLAUSEN
Ga. Bar No. 153250
Federal Trade Commission
Southeast Region
225 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303
Telephone: 404-656-1368 (Rock)
　　　　　404-656-1361 (Clausen)
Facsimile: 404-656-1379
Email: rrock@ftc.gov; hclausen@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION