## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, Plaintiff, v. **NATIONAL PAYMENT PROCESSING LLC**, a Georgia limited liability company, **NATIONAL CLIENT SERVICES LLC**, also d/b/a **AFS LEGAL SERVICES, AFS SERVICES, ACCOUNT FINANCIAL SERVICES,** and **ACCOUNT FINANCIAL SOLUTIONS**, a Georgia limited liability company, **OMAR SMITH**, individually and as managing member and officer of **NATIONAL PAYMENT PROCESSING LLC**, and **ERNEST SMITH**, individually and as manager and owner of **NATIONAL CLIENT SERVICES LLC**, Defendants. | Civil Action No. 1:15-cv-3811-AT |

## STIPULATED PRELIMINARY INJUNCTION WITH AN ASSET FREEZE AND OTHER EQUITABLE RELIEF

1

On October 30, 2015, Plaintiff, the Federal Trade Commission ("FTC"), filed a complaint seeking a permanent injunction and other equitable relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), and a motion for temporary restraining order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. On November 3, 2015, this Court granted the FTC's motion and entered a temporary restraining order and an order to show cause why a preliminary injunction should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure.   At a hearing held on November 10, 2015, the Court extended the TRO until December 15, 2015.  The parties stipulate to the below stated terms, conditions, and findings of this Stipulated Preliminary Injunction Order ("Order") and hereby consent to the entry thereof without the need for a hearing.  The findings set forth are not admissions by Defendants and are not intended to preclude them from disputing such findings at trial.   The Court has considered the Complaint and the memoranda, declarations and exhibits filed in support of the Commission's motions, and now being advised in the premises, finds that:

1.  This Court has jurisdiction over the subject matter of this case.  Venue in this district is proper;

2.  There is good cause to believe that Defendants, National Payment Processing LLC, National Client Services LLC, also d/b/a AFS Legal Services, AFS Services, Account Financial Services, and Account Financial Solutions, Omar Smith, and Ernest Smith (collectively "Defendants"), have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692 – 1692p, and that the FTC is therefore likely to prevail on the merits of this action;

3.  There is good cause to believe that consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act and the FDCPA unless Defendants are preliminarily restrained and enjoined by Order of this Court;

4.  There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by Defendants of their assets or

business records unless Defendants are preliminarily restrained and enjoined by Order of this Court;

5.    Good cause exists for appointing a receiver over the Corporate Defendants, permitting the FTC immediate access to Defendants' business premises;

6.    Weighing the equities and considering the FTC's likelihood of ultimate success, a preliminary injunction order with an asset freeze, appointment of a receiver, and other equitable relief is in the public interest; and

7.    No security is required of any agency of the United States for issuance of a preliminary injunction, Fed. R. Civ. P. 65(c).

## DEFINITIONS

A.    "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

B.    "**Consumer**" means any person.

C.    "**Corporate Defendants**" means National Payment Processing LLC, National Client Services LLC, d/b/a AFS Legal Services, AFS Services,

4

Account Financial Services, and Account Financial Solutions, and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

D.    "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

E.    "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

F.    "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form.   A draft or non-identical copy is a separate document within the meaning of the term.

G.    "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to,

any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

H.   "**Individual Defendants**" means Omar Smith and Ernest Smith.

I.   "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

J.   "**Receivership Defendants**" means the Corporate Defendants, as well as any other business related to Defendants' debt collection business and which the Receiver has reason to believe is owned or controlled in whole or in part by any Defendant.

K.   The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## PROHIBITED REPRESENTATIONS

**I.    IT IS THEREFORE ORDERED** that in connection with the collection or the attempted collection of any debt, Defendants and their successors, assigns,

officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A. Misrepresenting or assisting others who are misrepresenting, expressly or by implication, orally or in writing, any of the following:

1. that any consumer is delinquent on a payday loan or other debt that any Defendant or for which any Defendant lacks a reasonable basis for the representations at the time they were made, including where consumers have already challenged or attempted to challenge the validity or accuracy of the purported debt and Defendants have failed to consider the consumers' challenges or verify the validity or accuracy of the purported debt, prior to continuing to collect;

2. that Defendants are investigators or affiliated with governmental entities, including law enforcement agencies;

3. that Defendants are attorneys or are associated with a law firm;

7

4.  that the consumer has committed a law violation or criminal act, including check fraud;

5.  that non-payment of any debt will result in the arrest or imprisonment of any person or in seizure, garnishment, attachment or sale of a consumer's property or wages;

6.  that Defendants are bringing or intend to bring a lawsuit or other legal action against the consumers for nonpayment of the alleged debt; and

7.  the character, amount, or legal status of any debt.

B.  Communicating with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy;

C.  Communicating with consumers at times or places known, or which should be known, to be inconvenient to consumers;

D.  Communicating with consumers at their places of employment when Defendants know, or have reason to know, that consumers' employers

prohibit consumers from receiving such communications, or for the purpose of threatening actions that may cause a consumer to lose his or her employment;

E.  Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number;

F.  Falsely representing or implying that Defendants are vouched for, bonded by, or affiliated with the United States or any State;

G.  Falsely representing or implying that any individual is an attorney or that any communication is from an attorney;

H.  Falsely representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person when Defendants do not intend to take such action;

I.  Threatening to take action that is not lawful or that any Defendant or any other person does not intend to take;

J.  Failing to disclose or disclose adequately in the initial communication with a consumer that any Defendant or any other person is a debt

collector attempting to collect a debt and that any information obtained will be used for that purpose;

K.     Using any false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer; and

L.     Failing to provide consumers, within five days after the initial communication with a consumer, a written notice containing:  (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the consumer notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendants; and (5) a statement that, upon the consumer's written request within the thirty-

day period, Defendants will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## ASSET FREEZE

**II.    IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from directly or indirectly:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are: (1) owned or controlled, directly or indirectly, by any Defendant, in whole or in part, or held, in whole or in part for the benefit of any Defendant; (2) in the actual or constructive possession of any Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, and any assets held by, for, or

11

under the name of any Defendant at any bank, savings and loan institution, or bank of any Defendant, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.  Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

C.  Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendant;

D.  Incurring liens or encumbrances on real property, personal property or other  assets in the name, singly or jointly, of any Defendant; and

E.  Cashing any checks from consumers, clients, or customers of any Defendant.

F.  The funds, property, and assets affected by this Section shall include: (a) all assets of each Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this Order that are obtained through any debt collection activities that predate the entry of this Order.

### RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**III.    IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by any Defendant, or has held, controlled, or maintained any account or asset of, or on behalf of, any Defendant, upon service with a copy of this Order, shall:

A.    Hold and retain within its control and prohibit Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Defendant, in whole or in part, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, documents, or assets owned by, held in the name of, for the benefit of, or otherwise controlled by, any Receivership Defendant;

B.   Deny the Defendants access to any safe deposit box titled in the name of any Defendant, individually or jointly, or subject to access by any Defendant, whether directly or indirectly.

C.   Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a copy of this Order, a certified statement setting forth:

1.   the identification number of each such account or asset titled (a) in the name, individually or jointly, of any Defendant; (b) held on behalf of, or for the benefit of, any Defendant; (c) owned or controlled by any Defendant; or (d) otherwise subject to access by any Defendant, directly or indirectly;

2.   the balance of each such account or a description of the nature and value of such asset as of the close of business on the day on which this Order is served and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

14

3.   the identification of any safe deposit box that is either titled in the name of any Defendant or is otherwise subject to access by any Defendant; and

4.   if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or asset was closed or removed.

D.   Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

## <u>FINANCIAL REPORTS AND ACCOUNTING</u>

**IV.   IT IS FURTHER ORDERED** that each Defendant, to the extent not already provided and in no event later than within three (3) business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.   For the Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) on the form of **Attachment A** to this Order captioned, "Form Re:  Financial Statement for Individual Defendant."

B.   For the Corporate Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of **Attachment B** to this Order captioned, "Form Re:  Financial Statement for Business Entity Defendant."

C.   For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2012.  Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee

16

or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Defendant.  Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts.

## CONSUMER CREDIT REPORTS

**V.    IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## REPATRIATION OF FOREIGN ASSETS

**VI.    IT IS FURTHER ORDERED** that, to the extent not already provided and in no event within five (5) business days following the service of this Order, each Defendant shall:

A.    Provide counsel for the FTC with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United

17

States that are held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.     Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.     Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

D.     Provide the FTC access to all records of accounts or assets of the Corporate Defendants and the Individual Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**.

## NON-INTERFERENCE WITH REPATRIATION

**VII.   IT  IS  FURTHER  ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and

attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VI of this Order, including but not limited to:

A.   Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section VI of this Order; and

B.   Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VI.

## **APPOINTMENT OF RECEIVER**

**VIII. IT IS FURTHER ORDERED** that Barry Mukamal is appointed Receiver for the business activities of the Receivership Defendants with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The Receiver shall comply with any laws and Local Rules of this Court governing receivers.

## DUTIES OF RECEIVER

**IX.   IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.   Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.   Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to

divert mail and to sue for, collect, receive, take possession of, hold, and manage all business-related assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants.  The Receiver shall not take custody, control, or possession of purely personal property unrelated to the business practices of the Receivership Defendants. *Provided, however,* that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.   Take all steps necessary to secure the business premises of the Receivership Defendants.  Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

   1.   serving and filing this Order;

   2.   completing a written inventory of all Receivership assets;

   3.   obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job

description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4. videotaping all portions of the location;

5. securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

6. requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and

7. requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a questionnaire submitted by the Receiver;

D. Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in

order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E.   Liquidate any and all securities or commodities owned by or for the benefit of the Receivership Defendants that the Receiver deems to be advisable or necessary;

F.   Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

G.   Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H.   Manage and administer the lawful portion of the business of the Receivership Defendants, if any, until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.      Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K.      Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

L.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that

the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; *provided, however,* that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

25

O.    Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order.  Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

P.    Open one or more bank accounts in the Northern District of Georgia as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

Q.    Maintain accurate records of all receipts and expenditures that the Receiver makes as Receiver;

R.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

S.    Be responsible for maintaining the chain of custody of all of Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of the FTC.

## RECEIVER'S ACCESS TO BUSINESS PREMISES AND RECORDS

**X.    IT IS FURTHER ORDERED** that:

A.    Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity, shall:

   1.    Immediately identify to FTC's counsel and the Receiver:

      a.    All of Defendants' business premises;

      b.    Any non-residence premises where any Defendant conducts business, debt collection operations, or customer service operations;

      c.    Any non-residence premises where documents or electronically stored information related to the business, debt collection operations, or customer service operations of any Defendant are hosted, stored, or otherwise

27

maintained, including but not limited to the name and location of any electronic data hosts; and

d.     Any non-residence premises where assets belonging to any Defendant are stored or maintained;

2.   Allow the Receiver, and his respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants immediate access to:

a.     All of the Defendants' business premises, including but not limited to, those located at (i) 1005 Virginia Ave., Suite 310, Hapeville, GA 30354; (ii) 3482 Lawrenceville Highway, Tucker, Georgia 30084;  (iii) 2047 Gees Mill Rd, NE, Suite 222, Conyers, Georgia  30013; (iv) 2031 Gees Mill Rd, Suite 103, Conyers, Georgia 30013; (v) 1755 The Exchange, Suite 190, Marietta, Georgia 30339; and (ix) such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Defendant;

b.      Any other premises where the Defendants conduct business, collections operations, or customer service operations;

c.      Any premises where documents related to the Defendants' businesses are stored or maintained;

d.      Any premises where assets belonging to any Defendant are stored or maintained; and

e.      Any documents located at any of the locations described in this Section X; and

3.      Provide the Receiver, and his respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of documents or electronically stored information, including, without limitation, the locations of Receivership Defendants' business premises, keys and combinations to business premises locks, computer and telephone, including mobile phone access codes of all computers used to conduct Receivership Defendants' business, access to (including but not

limited to execution of any documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an electronic data host, and storage area access information.

B.     The Receiver is authorized to employ the assistance of law enforcement officers, including, but not limited to, the United States Postal Inspection Service, Internal Revenue Service, and Federal Bureau of Investigation, to effect service, to implement peacefully the provisions of this Order, and to keep the peace.  The Receiver shall allow the FTC and its representatives, agents, contractors, or assistants into the premises and facilities described in this Section to inspect, inventory, image, and copy documents or electronically stored information relevant to any matter contained in this Order.  No one shall interfere with the Receiver's or the FTC's inspection of the Defendants' premises or documents.

C.     The Receiver and the FTC shall have the right to remove any documents related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied.

The materials so removed shall be returned within five (5) business days of completing said inventory and copying.  If any property, records, documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the residence of the Individual Defendant or are otherwise in the custody or control of the Individual Defendant, then such Defendant shall produce them to the Receiver within twenty-four (24) hours of service of this Order. In order to prevent the destruction of computer data, upon service of this Order upon Defendants, any such computers shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access.   The FTC's and the Receiver's representatives may also photograph or videotape the inside and outside of all premises to which they are permitted access by this Order, and all documents and other items found on such premises.

D.    Any purely personal property, records, documents or computer files not related to the business or financial activities of Defendants

identified upon examination shall be sequestered and not disclosed absent further order of the court unless such property, records, documents or computer files are evidence of a crime.

E.     The FTC's access to the Defendants' documents pursuant to this provision shall not provide grounds for any Defendant to object to any subsequent request for documents served by the FTC.

F.     The Receiver shall allow Defendants and their agents and employees reasonable access to the business premises and business records of the Receivership Defendants within his possession for the purposes of inspecting and copying materials relevant to this action.

G.     The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## COOPERATION WITH RECEIVER

**XI.   IT IS FURTHER ORDERED** that:

A.     Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive

actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver. Defendants' cooperation and assistance shall include, but not be limited to:

1.   Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space; Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

B.   Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly

or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

1.   Transacting any of the business of the Receivership Defendants;

2.   Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services, debt collection training materials, debt collection scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or

"compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendants or any other entity directly or indirectly under the control of the Receivership Defendants;

3. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

4. Excusing debts owed to the Receivership Defendants;

5. Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the

name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

6.  Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7.  Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the

exercise of their duties or authority under any Order of this Court;  and

8. Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

## DELIVERY OF RECEIVERSHIP PROPERTY

**XII.** **IT IS FURTHER ORDERED** that:

A. Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants or any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

1. All assets of the Receivership Defendants;

2. All documents and electronically stored information of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records,

37

balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

3. All assets belonging to members of the public now held by the Receivership Defendants;

4. All keys, computer, telephone, including mobile phone, and other passwords, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

5. Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

B. In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section XII, the Receiver may file *ex parte* with the Court an

Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset, document, or other thing and to deliver it to the Receiver.

## COMPENSATION FOR RECEIVER

**XIII.  IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## RECEIVER'S REPORTS

**XIV.  IT IS FURTHER ORDERED** that the Receiver shall report to this Court no more than  sixty (60) days after the date of this Order, regarding:  (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to:  (a) prevent any diminution in the value of assets of the Receivership Defendants, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendants, if appropriate; (5) whether the business of the Receivership Defendants can be operated lawfully and profitably; and (6) any other matters which the Receiver believes should be brought to the Court's attention.  *Provided, however,* if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## RECEIVER'S BOND

**XV.   IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000 with sureties to be approved by the Court,

conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**XVI. IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any debt collection service.

## STAY OF ACTIONS

**XVII. IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all other persons and entities be and

hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.    Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs

of execution, or any other form of process whether specified in this Order or not; or

4.   Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants;

B.   This Section XVII does not stay:

1.   The commencement or continuation of a criminal action or proceeding;

2.   The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.   The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.   The issuance to a Receivership Defendant of a notice of tax

deficiency; and

C.     Except as otherwise provided in this Order, all persons and entities in
need of documentation from the Receiver shall in all instances first
attempt to secure such information by submitting a formal written
request to the Receiver, and, if such request has not been responded to
within thirty (30) days of receipt by the Receiver, any such person or
entity may thereafter seek an Order of this Court with regard to the
relief requested.

## SERVICE OF THIS ORDER

**XVIII.     IT IS FURTHER ORDERED** that copies of this Order may be
served by facsimile transmission, personal or overnight delivery, or U.S. Express
Mail, by agents and employees of the FTC or any state or federal law
enforcement agency or by private process server, on Defendants or any other
persons or entities that may be subject to any provision of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**XIX. IT IS FURTHER ORDERED** that within three (3) calendar days after
service of this Order, Defendants shall provide a copy of this Order to each of their
agents, employees, directors, officers, subsidiaries, affiliates, attorneys,

independent contractors, representatives, franchisees, and all persons in active concert or participation with Defendants.  Within five (5) calendar days following this Order, Defendants shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Order in compliance with this provision.

## **CORRESPONDENCE WITH PLAINTIFF**

**XX.  IT IS FURTHER ORDERED** that all correspondence and service of pleadings on Plaintiff shall be sent either via electronic transmission or via Federal Express to:  Robin L. Rock, Federal Trade Commission, 225 Peachtree Street NE, Suite 1500, Atlanta, Georgia, 30030.  Email: rrock@ftc.gov; Telephone: (404) 656-1368; Facsimile: (404) 656-1379.

## **JURISDICTION**

**XXI. IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 5th day of January, 2016, at 10:30 o'clock a.m.

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

45

AGREED AS TO FORM AND CONTENT:

National Payment Processing LLC
by Omar Smith, Owner, Officer, and Managing Member

National Client Services, LLC, also d/b/a AFS Legal Services, AFS Services, Account Financial Services, and Account Financial Solutions
by Ernest Smith, Owner, Officer and Managing Member

Omar Smith, individually
and as manager and officer of National Payment Processing LLC

Louis R. Cohan
Michelle L. Wein
Cohan Law Group, LLC
3340 Peachtree Rd., N.E. Suite 2570
Atlanta, GA 30326
Attorneys for Defendants National Payment Processing, LLC, National Client Services LLC, and Omar Smith
Telephone:  404-891-1770
Facsimile:  404-891-5094
Email:  lcohan@cohanlawgroup.com
         mwein@cohanlawgroup.com

AGREED AS TO FORM AND CONTENT:

_____

Ernest Smith, individually

**AGREED AS TO FORM AND CONTENT:**

_____

Ernest Smith, individually
and as owner, offic er and managing member of National Client Services LLC

_____

Michael Cohen
267 W. Wieuca Rd., NE
Suite 201
Atlanta, GA  30342
Telephone: 404-303-2733
Email:  mcohen@nsidelaw.com
Attorney for Defendant Ernest Smith

**AGREED AS TO FORM AND CONTENT:**

ROBIN L. ROCK
Ga. Bar No. 629532
HANS C. CLAUSEN
Ga. Bar No. 1532502
Federal Trade Commission
Southeast Region
225 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303
Telephone: 404-656-1368 (Rock)
404-656-1361 (Clausen)
Facsimile:   404-656-1379
email:  rrock@ftc.gov
            hclausen@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION